FILED

APR 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC JOHNSON, | No. 08-55481 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-06176-JFW-JTL |
| v. | |
| ARNOLD SCHWARZENEGGER, Governor of California, in his individual capacity; GRAY DAVIS, Former Governor of California, in his individual capacity; RODERICK HICKMAN, Secretary of the California Youth and Adult Correctional Agency, in his individual capacity; ROBERT PRESLEY, Former secretary of the California Youth and Adult Correctional Agency, in his individual capacity; MARGARITA E. PEREZ, Chairperson of the California Board of Prison Terms, in her individual capacity; CAROL DALY, Former Chairperson of the California Board of Prison Terms, in her individual capacity; THOMAS WADKINS, Associate Chief Deputy Commissioner of the California Board of Prison Terms, in his individual capacity; TERRY R. FARMER, Chief Counsel, California Board of Prison Terms, in his individual capacity; | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MARVIN E. SPEED, II, Executive Director of the California Board oif Prison Terms, in his individual capacity; KEN CATER, Chief Deputy Commissioner of the California Board of Prison Terms, in his individual capacity; MARC D. REMIS, Official of the California Board of Prison Terms, in his individual capacity; DAN MOELLER, Counsel, California Board of Prison Terms, in his individual capacity; JEANNE S. WOODFORD, Director of the California Department of Corrections, in her individual capacity; EDWARD S. ALAMEIDA, Jr., Former Director of the California Department of Corrections, in his individual capacity; BRIGIT MURRIA, Parole Agent, California Department of Corrections, in her individual capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 12, 2012[**]
Pasadena, California

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[***]

Eric Johnson (Johnson) appeals from the district court's dismissal of his 42 U.S.C. § 1983 action alleging deficiencies in California's parole revocation procedures. Additionally, Johnson challenges the district court's denial of relief from Central District of California Local Rule 23-3, which required Johnson to file a motion for class certification within ninety days.

1.  Because Johnson failed to argue his dismissed claims in the opening brief, those issues are waived. *See Whitaker v. Garcetti*, 486 F.3d 572, 582-83 (9th Cir. 2007).

2.  Because Johnson's claims were hypothetical, with no specific date or time for occurrence of the harm and because Johnson had no representative status, the district court did not err when it dismissed Johnson's claims for lack of standing and ripeness. *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

---

[***] The Honorable John R. Tunheim, United States District Judge for the District Court of Minnesota, sitting by designation.

**3.** "District courts have broad discretion to control the class certification process . . ." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The district court acted within its discretion when it denied relief based on a lack of compliance with Local Rule 23-3 and Rule 6(b) of the Federal Rules of Civil Procedure. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011).

**4.** Because Local Rule 23-3 requires a party to file a motion for class certification within ninety days of service of a pleading proposing a class action, Local Rule 23-3 is not inconsistent with Fed. R. Civ. P. 23, which applies to the district courts. *See* Local Civ. Rule 23-3; Fed. R. Civ. P. 23(c)(1)(A); *Vinole*, 571 F.3d at 939.

**5.** The district court's findings and reasoning were permissibly based on the briefs. *See Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006) (explaining that whether to hold an evidentiary hearing is within the discretion of the court).

**AFFIRMED.**